IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD FRANCISCO GARAY-MERCADO,

     Petitioner,

v.

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United States;
and MARY DE ANDA-YBARRA, El Paso
Field Office Director, Immigration and
Customs Enforcement,

     Respondents.

Case No. 2:26-cv-01119-MIS-KK

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28
U.S.C. § 2241 AND ORDERING A BOND HEARING**

THIS MATTER is before the Court on Petitioner Donald Francisco Garay-Mercado's

Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed April

10, 2026.  On April 27, 2026, the Federal Respondents ("Respondents") filed a Response

("Response").[1]  ECF No. 6.  Upon review of the Parties' submissions, the record, and the relevant

law, the Court will **GRANT** the Petition and order a bond hearing.

I.     **Background**

Petitioner is a citizen of Nicaragua who entered the United States from Mexico without

inspection on or about July 5, 2021.  See I-213 Narrative (July 7, 2021), ECF No. 6-2.  The same

---

[1]     The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026).  ECF No. 3.  However, as has become customary in these cases, the Warden did not respond to the Petition.

day, a United States Border Patrol Agent encountered Petitioner and arrested him. Id. On July 7, 2021, a Border Patrol Agent found Petitioner to be inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Id.; see also Determination of Inadmissibility, ECF No. 6-3. Petitioner claimed a fear of persecution if returned to Nicaragua, was issued a Determination of Inadmissibility, ECF No. 6-3, and was apparently released pending a review of his claim of fear. See I-213 Narrative (July 7, 2021), ECF No. 6-2; Notice to Appear (Jan. 4, 2011), ECF No. 6-4.

On January 4, 2022, Petitioner was served with a Notice to Appear after an asylum officer found Petitioner had demonstrated a credible fear of persecution or torture. ECF No. 6-4. The Notice to Appear indicates that Petitioner is subject to removal pursuant to Section 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the INA. Id. Thereafter, Petitioner filed two applications for asylum, withholding of removal under the INA, and protection under the Convention Against Torture. See Decision of the Immigration Judge at 1-2, ECF No. 6-5 [hereafter, Removal Order].

On August 16, 2023, the Immigration Judge ("IJ") denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered Petitioner removed to Nicaragua. Id. at 13. Petitioner timely appealed the Removal Order to the Board of Immigration Appeals ("BIA"). See Filing Receipt for Appeal, ECF No. 6-6. He was apparently released pending the BIA's decision.

On February 4, 2026, Border Patrol Agents encountered Petitioner at an immigration checkpoint in Texas. See I-213 Narrative (Feb. 4, 2026), ECF No. 6-7 at 2. Petitioner was driving a commercial truck, provided Border Patrol Agents with a valid Employment Authorization Document, and advised that he had a pending asylum claim. Id. Nevertheless, Petitioner was arrested for being in the United States illegally. Id. He has been detained ever since. Pet. at 2.

2

He is currently detained at the Otero County Processing Cetner in Chaparral, New Mexico.  Id. at 1.

On March 31, 2026, Petitioner filed a Motion to Withdraw Appeal with the BIA.  ECF No. 6-1.  Therein, he states:

> After careful personal reflection, I have decided that I no longer wish to continue with the appeal process. I respectfully request that the Board immediately close my appeal and terminate the proceedings before the BIA.
>
> I fully understand that by voluntarily withdrawing my appeal, the Immigration Judge's decision dated August 16, 2023 (order of REMOVAL) will become final and enforceable.

Id.  According to the Executive Office of Immigration Review's website, Petitioner's appeal remains pending.  See https://acis.eoir.justice.gov/en/caseInformation (last visited Apr. 29, 2026).

On April 10, 2026, Petitioner filed the instant Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  ECF No. 1.  On April 13, 2026, the Court ordered Respondents to answer the Petition and show cause why it should not be granted.  ECF No. 3.  On April 27, 2026, Respondents filed their Response.  ECF No. 6.

## II.     Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 grants district courts the discretion to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).

### III.    Discussion

Petitioner argues that his "prolonged detention without a bond hearing violates [his] right to due process." Pet. at 2. He further argues that because his asylum appeal is still pending, the Immigration Judge's Removal Order is not yet final. Id. He seeks immediate release or, alternatively, a bond hearing before an immigration judge. Id.

Respondents concede that Petitioner's asylum appeal is technically still pending, but only because the BIA has not yet processed Petitioner's voluntary withdrawal of the appeal. Resp. at 4. They argue that once the BIA processes the withdrawal, the order of removal will become final and enforceable, Petitioner will be subject to mandatory detention, and Petitioner will be removed to Nicaragua. Id. Counsel for Respondents acknowledges that the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and that "this Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." Id. at 4-5. However, Respondents maintain that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b). Id. at 4.

Initially, the Court agrees with Respondents that this case is materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry. See Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026); Duhan, 2026 WL 74195, at *2. Based on the Court's prior decisions, the Court finds that 8 U.S.C.

§ 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is eligible for habeas relief.

"Congress invested federal courts with discretion when it comes to supplying habeas relief—providing that they 'may' (not must) grant writs of habeas corpus, and that they should do so only as 'law and justice require.'" Brown v. Davenport, 596 U.S. 118, 132 (2022) (first quoting 28 U.S.C. § 2241, then quoting 28 U.S.C. § 2243). Habeas corpus "is an 'adaptable remedy,' and the 'precise application and scope' of the review it guarantees may change 'depending upon the circumstances.'" Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 152 (2020) (Breyer, J., concurring) (quoting Boumediene v. Bush, 553 U.S. 723, 779 (2008)).

Under the unique facts of this case, the Court finds that ordering Petitioner's immediate release is not the appropriate remedy. Petitioner's detention is only unlawful because the BIA has not yet processed his Motion to Withdraw Appeal. Once the BIA processes the withdrawal, the Removal Order will become final, see 8 U.S.C. § 1101(a)(47)(B), and Petitioner's detention will be mandatory, 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the" noncitizen); see also Zadvydas, 533 U.S. at 683 ("[D]uring the 90-day removal period, … [the noncitizen] must be held in custody.").

Instead, the Court concludes that ordering a bond hearing is the appropriate remedy in this case, as the Court finds that whether and under what conditions Petitioner should be released is better left to the sound discretion of an immigration judge at a bond hearing. See Lopez-Romero, 2026 WL 92873, at *7.

## IV.    Conclusion

Therefore, it is **HEREBY ORDERED** that:

1.    Petitioner Donald Francisco Garay-Mercado's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2.    Respondents are **ORDERED** to provide Petitioner with an individualized and constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a) within <u>seven days</u> of the date of this Order;

3.    Respondents shall file a status report within three days of Petitioner's bond hearing advising the Court as to whether bond was granted or denied, and if bond was denied, the reasons for the denial; and

4.    The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction to enforce this Order.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE