# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DONALD FRANCISCO GARAY-MERCADO,

      Petitioner,

v.

                                Case No. 2:26-cv-01119-MIS-KK

DORA CASTRO, Warden of the Otero
County Processing Center; TODD LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting Attorney General of the United
States; and MARY DE ANDA-YBARRA, El
Paso Field Office Director, Immigration and
Customs Enforcement,

      Respondents.

## ORDER GRANTING PETITIONER'S EMERGENCY MOTION TO ENFORCE COURT ORDER

**THIS MATTER** is before the Court on Petitioner Donald Francisco Garay-Mercado's Emergency Motion to Enforce Court Order ("Motion"), ECF No. 10, filed May 4, 2026. Respondents Mary De Anda-Ybarra, Todd Lyons, Todd Blanche, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on May 12, 2026, ECF No. 11.

Petitioner argues that he received a constitutionally deficient bond hearing that did not comply with the requirements identified by this Court in its Order granting his Petition for Writ of Habeas Corpus. Mot. at 1, ECF No. 10. Respondents argue this Court lacks jurisdiction to review

---

[1] Respondent Dora Castro did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, see, e.g., Intriago-Sedgwick v. Noem, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, see Francisco v. Dedos, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

the bond denial because it was a discretionary decision. Resp. to Mot. at 3, ECF No. 11. Because the Court cannot determine whether the bond hearing was constitutionally adequate, the Court will grant the motion and order a new bond hearing.

Petitioner filed a Petition for Writ of Habeas Corpus on April 10, 2026, requesting release or a bond hearing. Pet. at 8, ECF No. 1. Petitioner had recently withdrawn his appeal of his order of removal issued on August 16, 2023. Resp. to Pet., Ex. 1 at 3, ECF No. 6-1. Respondents argued that Petitioner was being properly held pursuant to 8 U.S.C. § 1225(b)(2)(A), Resp. to Pet. at 4-6, ECF No. 6, and that once the Board of Immigration Appeals (BIA) filed Petitioner's appeal withdrawal, his August 16, 2023, order of removal would become final and he would be subject to mandatory detention under 8 U.S.C. § 1231, id. at 4.

On April 29, 2026, the Court found Petitioner's detention was governed by 8 U.S.C. § 1226 and granted his Petition. ECF No. 7 at 4-6. Due to the "unique facts" of the case, the Court ordered a "constitutionally adequate bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a)." Id. at 5-6. The Court retained jurisdiction to enforce its order. Id. at 6. Also on April 29, 2026, the BIA apparently filed Petitioner's appeal withdrawal. See https://acis.eoir.justice.gov/en/caseInformation (last visited May 14, 2026).

At the bond hearing on May 1, 2026, the Immigration Judge (IJ) denied bond because "Flight Risk: has pending removal order that is final." Resp. to Mot., Ex. 1 at 1, ECF No. 11-1. Petitioner then filed the instant Motion arguing the bond hearing was constitutionally inadequate and asking the Court to grant his immediate release or order a new bond hearing. ECF No. 10 at 3. Respondents argue that the IJ made a discretionary bond denial decision and the Court lacks jurisdiction to review it per 8 U.S.C. § 1226(e). Resp. to Mot. at 3, ECF No. 11.

2

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions, Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026), and to enforce its own orders.

The Court finds the IJ's explanation comically deficient. The Court cannot determine what the IJ meant by "Flight Risk: has pending removal order that is final," let alone whether the bond hearing was constitutionally adequate. The IJ might have meant that the final order of removal had been issued and Petitioner's physical removal from the United States was pending. If so, Petitioner is subject to mandatory detention under § 1231.[2] But the phrase could also mean that Petitioner's final order of removal was pending but not yet issued. If so, it is unclear whether the IJ considered anything beyond the removal order itself, which would (1) ignore the nine alien-centric factors in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006) and (2) permit DHS to dictate flight risk status independent of the alien's circumstances. If the IJ failed to consider anything beyond an impending final order of removal, it is not clear to the Court that the bond hearing was constitutionally adequate.

Respondents shall hold another bond hearing for Petitioner under § 1226 at which the IJ is ordered to (1) consider the nine alien-centric factors from In Re Guerra, 24 I. & N. Dec. 37, 40

---

[2] "After entry of a final removal order and during the 90–day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.

Petitioner has been in immigration custody for almost three and a half months. See Pet. at 8, ECF No. 1. If the order of removal became final on April 29, 2026, Resp. to Pet. at 4, ECF No. 6; see https://acis.eoir.justice.gov/en/caseInformation (last visited May 14, 2026), and now dates to August 16, 2023, Resp. to Pet. at 4, ECF No. 6, Petitioner has either been in custody under a final order of removal for three and a half months or for just over two weeks. The Court declines to decide which is the correct assessment of his time in custody because the result is the same, Petitioner would be subject to detention under § 1231. See Zadvydas, 533 U.S. at 683.

(BIA 2006), (2) explain the basis for his decision using alien-centric reasoning in sufficient detail to determine whether the hearing was constitutionally adequate, see id., and (3) explicitly find, based on case records, whether and when Petitioner's appeal withdrawal was filed and whether Petitioner has successfully moved to reopen his removal case, see Mot. at 2, ECF No. 10. Respondents shall file notice of the decision and include the resulting Order of the Immigration Judge as an exhibit.

Accordingly, it is **HEREBY ORDERED** that Petitioner Donald Franciso Garay-Mercado's Motion to Enforce Court Order, ECF No. 10, is **GRANTED** consistent with this order.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

4